IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

ELIZABETH HARTSELL,

    Plaintiff,

v.

TRANSWORLD SYSTEMS, INC.,

    Defendant.

Case No.

Complaint and Demand for Jury Trial

## COMPLAINT

ELIZABETH HARTSELL ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against TRANSWORLD SYSTEMS, INC. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), and the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

## JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over actions under the FDCPA under 15 U.S.C. § 1692k(d), which states that FDCPA actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. This Court has subject-matter jurisdiction over actions under the TCPA under 28 U.S.C. § 1331, which grants this Court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 386 (2012).

4. This Court has personal jurisdiction over Defendant because Defendant regularly conducts business in the State of Ohio.

5. Venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

6. Plaintiff is a natural person, who resides in Warren, Ohio 44483.

7. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

8. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

9. Defendant is a corporation with its headquarters located at 500 Virginia Drive, Suite 514, Fort Washington, Pennsylvania 19034.

10. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

11. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

12. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

13. Plaintiff has a cellular telephone number that she has had for over a year.

14. Plaintiff has only used this number as a cellular telephone number.

15. The phone number has been assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls.

16. By way of background, beginning in or around June or July 2016, Defendant began placing repeated harassing telephone calls to Plaintiff on her cellular telephone seeking to collect an alleged debt.

17. The alleged debt arose from transactions that were primarily for personal, family or household purposes.

18. Defendant's calls originated from numbers including, but not limited to, 866-576-8284. The undersigned confirmed that this number belongs to Defendant.

19. Desiring to stop Defendant's repeated calls, Plaintiff told Defendant to stop calling in the late summer of 2016.

20. Once Defendant knew its calls were unwanted there was no lawful purpose to call Plaintiff, and any continued calls could only have been placed for the purpose of harassing Plaintiff.

21. Despite Plaintiff's request, Defendant continued to call her for several months.

22. When contacting Plaintiff on her cellular telephone, Defendant used an automatic telephone dialing system and/or automatic and/or pre-recorded messages.

23. Plaintiff knew Defendant was using an automated dialing system and/or automatic and/or pre-recorded messages as each call began with a long pause or delay before Plaintiff began to speak with a live collector.

24. Defendant's telephone calls were not made for "emergency purposes."

25. After Defendant ignored Plaintiff's request for calls to cease, Plaintiff had no option but to block calls from Defendant.

26. Defendant's actions as described herein were taken with the intent to harass, upset and coerce Plaintiff to pay her alleged debt.

## Count I
### Defendant violated §§ 1692d and 1692d(5) of the FDCPA

27. Plaintiff incorporates forgoing paragraphs as though the same were set forth at length herein.

28. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt.

29. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

30. Defendant violated sections 1692d and 1692d(5) of the FDCPA when it placed repeated harassing telephone calls to Plaintiff knowing its calls were unwanted within the one year period preceding the filing of this Complaint

## Count II
### Defendant violated the TCPA

31. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

32. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using a prerecorded voice.

33. Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

34. Defendant's calls to Plaintiff were not made for emergency purposes.

35. Defendant's calls to Plaintiff after she revoked consent were not made with Plaintiff's prior express consent.

36. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

37. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

38. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and treble damages.

WHEREFORE, Plaintiff, ELIZABETH HARTSELL, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs, pursuant to 15 U.S.C. § 1693k(a)(3);

    d. Statutory damages of $500.00 per telephone call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

    e. Statutory damages of up to $1,500 for each call in violation of the TCPA, pursuant to 47 U.S.C. §§ 227(c)(5)(B) and 227(c)(5)(C), which permits the

Court in its discretion to award such damages if it finds that Defendants willfully or knowingly violated the TCPA; and

f. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, ELIZABETH HARTSELL, demands a jury trial in this case.

Respectfully submitted;

DATED: October 26, 2017    By: /s/ Amy Lynn Bennecoff Ginsburg
Amy Lynn Bennecoff Ginsburg
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 788-2864
Email: aginsburg@creditlaw.com